27 F.3d 567
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas EDMONDSON, Defendant-Appellant.
 Nos. 93-5387, 93-5495.
 United States Court of Appeals, Sixth Circuit.
 June 15, 1994.
 
 Before: KEITH and NELSON, Circuit Judges, and JOINER, Senior District Judge.*
 PER CURIAM. This is an appeal from a conviction and sentence for possession of cocaine base (crack cocaine) with intent to distribute it, a crime under 21 U.S.C. Sec. 841(a)(1). The defendant argues (1) that the evidence against him was not sufficient to support a verdict of guilty, (2) that the district court's instructions to the jury were improper, and (3) that the defense was prejudiced by an inadvertent disclosure to the jury of a prior conviction as a juvenile. Alternatively, the defendant argues that the district court misapplied the sentencing guidelines. We do not find any of the defendant's contentions persuasive, and we shall affirm both the conviction and the sentence.
 * On the morning of March 20, 1992, members of the Shelby County, Tennessee, Sheriff's Department executed a search warrant at an apartment at 2844 Vayu Drive in Memphis. Defendant Thomas Edmondson and his girlfriend, Nicole Robinson, were sleeping in a back bedroom. Sheriff's Deputy Michael Coleman found a bag containing 27.74 grams of crack cocaine on top of a stereo in the back bedroom. A beeper and $975 in cash were found inside a pair of jeans in the same bedroom. Also found in the apartment were three loaded guns (two of them in a dresser drawer in the back bedroom) and a glass tube used for "cooking" crack cocaine.
 There were several people in the apartment, and the sheriff's deputies gathered them in the front room. Defendant Edmondson told Deputy Denford Galloway that the cocaine and the firearms were his. The deputies placed Mr. Edmondson under arrest and took him to an office where Deputy Galloway interviewed him again. During this interview, which was recorded on videotape, Edmondson again stated that he owned the guns and the cocaine. Nicole Robinson and Jeffrey Turner, a friend of Mr. Edmondson's who was in the apartment on the morning of the search, signed statements indicating that they did not know anything about the cocaine or the guns.
 On March 26, 1992, a federal grand jury charged Edmondson with having violated 21 U.S.C. Sec. 841(a)(1) by possessing approximately 27 grams of cocaine base with intent to distribute it, and with carrying or using a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. Sec. 924(c).
 Defendant Edmondson moved to suppress his confessions. At a hearing on the motion he testified that he had lied when he claimed ownership of the cocaine and the guns. He told the court that Deputy Galloway had said that the deputies would arrest everyone in the house and take his girlfriend's children away from her if he did not admit ownership of the contraband. He also stated that another officer had threatened to knock his teeth out and had told him what to say on the videotape. The district court did not believe Mr. Edmondson's story, and the court denied the motion to suppress.
 Mr. Edmondson testified at trial that he had received $1,738.22 in December of 1991 as an insurance settlement following an auto collision. He claimed that he used some of the money to buy the three firearms recovered by the deputies, but that because he had no other source of income he kept the remaining money in his pocket and used it for food and expenses. He insisted that the $970 found in his jeans on the morning of his arrest was the remainder of the insurance payment. Mr. Edmondson denied that he lived at the Vayu Drive apartment, although the payment from the insurance company was sent to him at that address. He now admitted owning the three guns found in the apartment, but denied owning the crack cocaine. Mr. Edmondson further testified that the drugs belonged to his friend Gary McDowell, who had brought cocaine into the apartment the night before the search. Edmondson acknowledged that the tube used to "cook" the cocaine, transforming it into crack, was already in the apartment.
 Mr. Edmondson further testified that when the deputies arrived they handcuffed him and moved him almost immediately to the front room. Once there, Edmondson said, Gary McDowell asked him to claim ownership of the cocaine because McDowell already had narcotics charges pending against him. Edmondson stated that he had lied when he said the cocaine was his, that he had lied at the suppression hearing when he testified that the sheriff's deputies had threatened him, and that in two sworn affidavits he had lied about the details of his arrest.
 Also testifying for Mr. Edmondson at his trial were Nicole Robinson, Antonio Wilson, and Jeffrey Turner, all of whom had been in the apartment when the search warrant was executed. They corroborated Edmondson's testimony that Gary McDowell owned the cocaine and had asked Edmondson to claim ownership of it. Mr. Wilson stated that he heard McDowell telling Edmondson that he didn't want to go to jail. Mr. Turner testified that he heard McDowell promise Edmondson legal help if Edmondson would "take the charge." Mr. Turner also testified that he owned the beeper found in the apartment. Gary McDowell did not testify.
 The jury found Mr. Edmondson guilty of the drug charge but acquitted him of the firearms charge. The district court sentenced Edmondson to imprisonment for a term of 121 months, followed by a four year term of supervised release.
 II
 * Mr. Edmondson argues on appeal that his conviction was not supported by substantial evidence. This issue was not raised before the district court, however. Ordinarily, "the standard of review for claims of insufficient evidence is 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " United States v. Evans, 883 F.2d 496, 501 (6th Cir.1989), quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original). But where, as here, a defendant fails to make a timely motion for judgment of acquittal following the verdict pursuant to Fed.R.Crim.P. 29(c), the defendant has waived his objection to the sufficiency of the evidence. United States v. Morrow, 977 F.2d 222, 230 (6th Cir.1992), cert. denied, 113 S.Ct. 2969, 125 L.Ed.2d 668 (1993). Absent a manifest miscarriage of justice, we will not entertain the objection. United States v. Swidan, 888 F.2d 1076, 1080 (6th Cir.1989).
 No manifest miscarriage of justice occurred when the jury found that Edmondson owned the crack cocaine. The sheriff's deputies discovered Mr. Edmondson sleeping in the bedroom of an apartment to which his mail was being sent. They found over 27 grams of crack in the bedroom and a "cook" tube in the kitchen. Mr. Edmondson admitted owning three guns found in the apartment. Almost $1,000 in cash and a beeper were found in his pants pocket. Finally, Mr. Edmondson confessed twice, once on videotape, that the crack cocaine and the guns were his. This evidence would have been more than sufficient to support a verdict of guilty even if there had been no waiver.
 B
 Mr. Edmondson maintains that he should receive a new trial because the jury learned that he had been convicted on a drug charge as a juvenile. At the end of the videotape of his confession, in response to a question, Mr. Edmondson admitted to a juvenile drug conviction. That portion of the tape was inadvertently played for the jury. Although this evidence of a prior criminal act should not have been admitted, see Fed.R.Evid. 404(b), Mr. Edmondson did not object at the time, and he did not request a curative instruction.
 Even where there is a timely objection, an error in admitting evidence of a prior criminal act is harmless unless "one cannot say, with fair assurance," that the error did not materially affect the outcome of the proceeding. Kotteakos v. United States, 328 U.S. 750, 765 (1946). "Whether the improper admission of evidence under F.R.E. 404(b) constitutes prejudicial error or harmless error must be decided on the facts of each case." United States v. Ismail, 756 F.2d 1253, 1260 (6th Cir.1985). This court should consider the record "as a whole from the perspective of how the error might have affected the jury." Id., citing Kotteakos, 328 U.S. at 764.
 In this case the jurors saw the portion of the tape mentioning the juvenile conviction only once, and no one referred to it again. The other evidence against Mr. Edmondson was substantial. We can say with "fair assurance" that the evidence of the juvenile conviction did not substantially sway the outcome. The error was harmless.
 C
 Finally, Mr. Edmondson argues that the district court erred in refusing to give certain jury instructions that he had requested on the subject of constructive possession. We can find for Mr. Edmondson on this point only if his proposed instruction was "(1) a correct statement of the law, (2) not substantially covered by the charge actually delivered to the jury, and (3) concerned a point so important in the trial that the failure to give it substantially impaired the defendant's defense." United States v. Williams, 952 F.2d 1504, 1512 (6th Cir.1991). Further, "[i]t is not error to fail to use the language requested by the parties if the instruction as given is accurate and sufficient." United States v. Horton, 847 F.2d 313, 322 (6th Cir.1988).
 Mr. Edmondson proposed an instruction explaining the elements of constructive possession of cocaine. Without using Mr. Edmondson's proposed language, the court instructed the jury that
 "[t]o establish actual possession, the government must prove that the defendant had direct physical control over the drugs, and knew that he had control over them. To establish constructive possession, the government must prove that the defendant had the right to exercise physical control over the drugs and knew that he had this right, and that he intended to exercise physical control over the drugs at some time, either directly or through other persons.... But understand that just being present where something is located does not equal possession."
 Mr. Edmondson has not explained how this instruction is deficient. We believe that the court's instruction accurately stated the law and substantially covered the charge that Mr. Edmondson proposed.
 III
 Mr. Edmondson challenges his sentence on several grounds. When a sentence has been imposed pursuant to the guidelines, we are directed to "accept the findings of fact of the district court unless they are clearly erroneous and [to] give due deference to the district court's application of the guidelines to the facts." 18 U.S.C. Sec. 3742(e).
 * Mr. Edmondson contends that the district court erred in denying him a reduction in his guideline offense level for acceptance of responsibility. A district court may grant such a reduction if a defendant "clearly demonstrates acceptance of responsibility." U.S.S.G. Sec. 3E1.1. "The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review." Id., application n. 5.
 At the sentencing hearing, the district court stated its findings on this matter as follows:
 "[T]he facts do not accept any conclusion that [Mr. Edmondson] accepted responsibility for the charges brought against him. The testimony of the defendant was such that he denied possession of the drugs, he denied that he possessed with intent to distribute, and he denied that the drugs were his. His basic defense in this case ... was that the drugs belonged to someone else who was in the house with him earlier and had left the house momentarily or temporarily. The facts were not convincing on that point."
 Giving the district court's determination the deference due it, we cannot say that the court erred.
 B
 Mr. Edmondson objects to an enhancement in his offense level for possession of firearms in connection with a drug trafficking offense. The Sentencing Guidelines call for a two-level increase in a defendant's base offense level if a dangerous weapon was possessed in connection with a drug offense. U.S.S.G. Sec. 2D1.1(b)(1). The enhancement should be applied if a firearm was present "unless it is clearly improbable that the weapon was connected with the offense." Sec. 2D1.1(b)(1), application n. 3. Although Mr. Edmondson admits that the three loaded firearms were his, he contends that they were insufficiently connected to the drug offense to warrant the upward adjustment. We disagree.
 Once the government proves that the defendant was in possession of a weapon during a drug trafficking crime, "[t]he government does not have to produce any further evidence establishing a connection between the weapon and the offense for Sec. 2D1.1(b)(1) enhancement to be appropriate." United States v. Sanchez, 928 F.2d 1450, 1460 (6th Cir.1991) (emphasis in original). The burden shifts to the defendant to show that it was clearly improbable that the weapon was connected to the offense. See United States v. Duncan, 918 F.2d 647, 651 (6th Cir.1990), cert. denied, 500 U.S. 933 (1991). In this case, Mr. Edmondson offered no evidence that it was "clearly improbable" that the weapon was connected to the drug trafficking offense. On the contrary, the loaded firearms were readily accessible in the same room as the cocaine, suggesting that the weapons were used to protect the cocaine.
 Mr. Edmondson's acquittal on the firearms charge by the jury does not preclude the judge from increasing the offense level under U.S.S.G. Sec. 2D1.1(b)(1). "[A]cquittal on a firearms carrying charge leaves ample room for a district court to find by the preponderance of the evidence that the weapon was possessed during the drug offense." United States v. Duncan, 918 F.2d at 652. It was not clear error for the district court to conclude that Mr. Edmondson possessed a firearm in connection with the drug trafficking offense, and we conclude that the enhancement was proper.
 C
 Finally, Mr. Edmondson objects to the district court's increasing his offense level under U.S.S.G. Sec. 3C1.1 for obstruction of justice. Although he admits that he lied on the day of his arrest and again (under oath) at the suppression hearing, he insists that he told the truth at his trial. He contends that the court's finding that he perjured himself at trial was clearly erroneous.
 A district court's finding that a defendant has obstructed justice is reviewed for abuse of discretion. United States v. Medina, 992 F.2d 573, 591 (6th Cir.1993), cert. denied, 114 S.Ct. 1049, 127 L.Ed.2d 371 (1994). If a district court properly concludes that a defendant committed perjury by testifying untruthfully under oath, then an enhancement under Sec. 3C1.1 is warranted. United States v. Dunnigan, 113 S.Ct. 1111 (1993).
 "[I]f a defendant objects to a sentence enhancement resulting from her trial testimony, a district court must review the evidence and make independent findings necessary to establish a willful impediment to or obstruction of justice, or an attempt to do the same, under the perjury definition we have set out.... The district court's determination that enhancement is required is sufficient [if] the court makes a finding of an obstruction or impediment of justice that encompasses all of the factual predicates for a finding of perjury." Id. at 1117 (citations omitted).
 
 
 1
 "A witness testifying under oath or affirmation [commits perjury] if she gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." Id. at 1116.
 
 
 2
 The district court found that Mr. Edmondson testified falsely at trial about his possession of the cocaine, just as he had admittedly lied under oath at his suppression hearing and in sworn affidavits. The court stated its finding thus:
 
 
 3
 "the court finds that the defendant testified untruthfully at trial concerning his possession of the controlled substance which was the subject of the indictment. This issue was crucial and obviously material. The defendant's testimony, which placed possession of the substance with another individual and denied his own possession and intent, was designed to avoid a finding of guilt and thereby interfere with the rightful disposition of criminal charges and the prosecution of the instant offense."
 
 
 4
 This finding was not clearly erroneous.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior United States District Judge for the Eastern District of Michigan, sitting by designation